## Walukas Estate

*William A. Degillio*, for petitioner.

*David Koff*, for Mercedes Straub.

LOPATTO, P. J., August 7, 1964.—This matter comes before the court on citation directed to the Pennsylvania Secretary of Revenue to show cause why he should not be ordered and directed to endorse over to Victoria Walukas and make payable to her the certified personal check of decedent in the amount of $300, dated September 24, 1962, drawn on the Old Forge Bank, Old Forge, Pa., and deposited by decedent with the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Traffic Safety in Harrisburg, Pa.

Answer was filed in this matter on behalf of Mercedes Straub and hearing held June 29, 1964.

The facts in this case indicate that one Barney Walukas, while living, was involved in an automobile accident on June 30, 1962, at which time his motor vehicle, which he was then operating, struck a motor vehicle owned and operated by Mercedes Straub. Shortly thereafter, Mr. Walukas was required to deposit and so deposited with the Commonwealth of Pennsylvania, Bureau of Traffic Safety, Financial Responsibility Division the sum of $300 for the purpose of securing payment of any damages which said Mercedes Straub suffered as a result of the aforesaid accident. On March 21, 1963, Mercedes Straub commenced an action by complaint in trespass against Barney Walukas in the Court of Common Pleas of Chester County, Pa. Service of that complaint was had on March 23, 1963, upon Barney Walukas personally. Judgment was entered on June 27, 1963, for the sum of $800 and $12.90 in costs. Both the decedent and the Commonwealth of Pennsylvania, Financial Responsibility Division, Bureau of Traffic Safety, were notified of the same. Subsequently, Mr. Walukas died.

The funds involved herein were deposited with the Commonwealth of Pennsylvania pursuant to the Motor Vehicle Safety Responsibility provision of the Motor Vehicle Code, Act of April 29, 1959, P. L. 58, sec. 1401, et seq., 75 PS §1401, et seq., as amended.

The relevant provision of the act dealing with the applicability and disposition of the sums so deposited is found at section 1410, which reads as follows:

"Security deposited in compliance with the requirements of this article shall be placed by the secretary in the custody of the State Treasurer and shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made, for damages arising out of the accident in question, . . . and such deposit, or any balance thereof, shall be returned to the depositor, or his personal representative, when evidence, satisfactory to the secretary, has been filed with him that there has been a release from liability, or a final adjudication of nonliability, or a warrant for confession of judgment, or a duly acknowledged agreement in accordance with clause (4) of section 1406, or whenever after the expiration of one (1) year from the date of the accident, or within one (1) year after the date of deposit of any security under clause (3) of section 1407, the secretary shall be given reasonable evidence that there is no such action pending and no judgment rendered in such action left unpaid."

As is indicated by the facts of this case, Barney Walukas deposited $300 with the Commonwealth in accordance with the act, judgment was obtained by Mercedes Straub in a sum in excess of the sum deposited with the Commonwealth, therefore, any interest Barney Walukas might have had in this fund ceased.

The citation to show cause is dismissed.